UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

|  |  |  |
|---|---|---|
| WENDELL LEONARD CRUSE, | ) | |
| | ) | Civil No. 18-14-HRW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOSEPH BURCHETT, ET AL., | ) | **& ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Wendell Leonard Cruse is an inmate confined at the Boyd County Detention Center ("BCDC") in Catlettsburg, Kentucky. Proceeding without a lawyer, Cruse filed a civil rights complaint against multiple defendants. [D. E. No. 1]. However, Cruse has not paid the $350.00 filing fee and the $50.00 administrative fee. Although Cruse has filed a handwritten motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) [D.E. No. 2], he did not complete the Affidavit of Assets/In Forma Pauperis Application [Form AO-240], nor has he submitted a statement of his inmate account certified by prison staff as required by 28 U.S.C. § 1915(a)(2). Thus, his motion to proceed *in forma pauperis* is deficient.

In addition, as currently drafted, Cruse's "complaint" is subject to summary dismissal for failure to adequately state a claim for relief as required by Federal Rule

1

of Civil Procedure 8. A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). However, although Cruse does make some allegations specific to him personally, Cruse's complaint also contains multiple allegations regarding events and conditions allegedly experienced by other inmates. Cruse is not entitled to assert other inmate's potential claims on his own behalf.

Next, Cruse's attempt to state a civil rights claim against "unknown Boyd County Jail employees" fails because unnamed defendants, without any identifying description, cannot be parties. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (affirming district court's dismissal of "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute"). Finally, although Cruse does identify one defendant by name, Joseph Burchett (the Boyd County Jailer), his complaint makes no allegations that Burchett was personally involved in any of the allegedly unconstitutional conduct about which he complains. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

In light of the combination of problems mentioned above, the Court will dismiss Cruse's complaint without prejudice. That said, Cruse may certainly file a new, proper, streamlined complaint if he so chooses. If Cruse wishes to seek relief in this Court by filing a new civil action, he may obtain a form Civil Rights Complaint [EDKY Form 523] from the Clerk of the Court. Cruse is advised that any new complaint must describe the *facts* of his case, specifically identifying the people, dates, places, and actions which are relevant to his claims, and explain what he wants the Court to do.

Cruse must also pay the $350.00 filing fee and the $50.00 administrative fee. Fed. R. Civ. P. 3; 28 U.S.C. § 1914. If Cruse cannot afford to pay the entire filing fee, he may file a motion to pay it in installments under 28 U.S.C. § 1915. However, Cruse is advised that Section 1915 does not permit him to *avoid* paying the filing fee; rather, it simply permits him to file a motion to pay the fee over time rather than paying the full amount of the fee immediately upon filing his complaint. 28 U.S.C. § 1915(b). If he wishes to file such a motion, Cruse must have the Certificate of Inmate Account [EDKY Form 523] certified by prison staff, complete the Affidavit of Assets/In Forma Pauperis Application [Form AO-240], and file both of them with the Court. The appropriate forms may be obtained from the Clerk of the Court.

Finally, Cruse is advised that *before* he may file suit in court to challenge an action or decision by jail officials, he must complete, in its entirety, the inmate

grievance process and pursue all available appeals under BCDC's grievance procedure. 42 U.S.C. § 1997e(a). If an inmate files suit before the prison grievance process is completed in its entirety, the Court will dismiss the case without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Cruse's complaint [D.E. No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Cruse's motion for leave to proceed in forma pauperis [D.E. No. 2] is **DENIED AS MOOT**.

3. **JUDGMENT** shall be entered contemporaneously with this Order.

4. This action is **STRICKEN** from the Court's active docket.

This 6th day of February, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge